IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keymore D. Barnwell,                )<br>                                                    )<br>                        Petitioner,      )<br>                                                    )<br>vs.                                                )<br>                                                    )<br>Alan Wilson; Ms. Kruse; Warden from )<br>Tyger River,                                  )<br>                                                    )<br>                        Respondents.   )<br>_____) | Civil Action No. 0:25-cv-10373-TMC<br><br>**ORDER** |

Keymore D. Barnwell ("Petitioner"), proceeding *pro se* and *in forma pauperis* (ECF No. 21 at 1 n.2), filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 26). Now before the court is the magistrate judge's[1] second Report and Recommendation ("Second Report"), recommending the instant petition for a writ of habeas corpus be dismissed without prejudice and without requiring the respondents to file a return. (ECF No. 32). The magistrate judge notified Petitioner of his right to file objections. *Id*. at 4. The Clerk's Office mailed the Second Report to Petitioner's last known address (ECF No. 34), and it was not returned to the court as undeliverable. Therefore, Petitioner is presumed to have received it. However, Petitioner has failed to file any objections to the Second Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).

---

[1] This matter was referred to a magistrate judge for pretrial handling in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C.

1

Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Second Report and the record under the appropriate standards and finding no clear error, the court **ADOPTS** the Report (ECF No. 32), and incorporates it herein. Thus, the second amended petition for a writ of habeas corpus (ECF No. 26) is **DISMISSED without prejudice** and without requiring the respondents to file a return.[2]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 11, 2025

---

[2] Finally, the court notes that, to the extent Petitioner moves for the appointment of counsel, (ECF No. 26 at 16), such request is moot. However, even if the matter was not moot, the request would be denied as Petitioner has failed to set forth a colorable claim. *See Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) and *Hammock v. Watts*, 146 F.4th 349, 368 (4th Cir. 2025) (both recognizing that, in order to establish exceptional circumstances justifying the appointment of counsel, a party must establish, among other things, a colorable claim).